# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 1:22-cv-714 |
| Plaintiff, | McFarland, J. |
| | Litkovitz, M.J. |
| vs. | |
| GEORGIA NOBLE, et al., | **REPORT AND** |
| Defendants. | **RECOMMENDATION** |

Nikole Hatton, a resident of Cincinnati, Ohio, filed a pro se notice of removal of a state court civil action to the United States District Court.   (Doc. 6).   By separate Order, Ms. Hatton was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is before the Court for a sua sponte review of the notice of removal, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter.   *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges the following:

> Teresa Hatton died 1/21/15 and I, Nikole Charmaine Hatton received the property (1063 Roxie Lane) under a survivorship deed.   I am the sole hier (sic) survivor of Teresa and the administrator of her estate.   Wells Fargo improperly brought the foreclosure action.   Wells Fargo improperly transfred (sic) the title without my notice and used Georgia Noble's name on foreclosure without her knowing.   I transfred (sic) the survivorship deed into my name Nikole Hatton on 1/10/22 and paid the property taxes.   I was already power of attorney of Georgia Noble.   There was a transfer of the property on 7/10/2022 to Wilmilton (sic) Savings Fund Society FSB Trustee that I did not know of.   On 8/24/2022 the property was sold online to Wessam M. Muhureb.   He filed for eviction and the eviction was for John Doe.   I appeared to the court dates and let them know who I was and was never addressed by name only John Doe.

(Doc. 1-1 at PAGEID 4-5).

The state court complaint referenced in the removal petition names Georgia Noble and John Doe Name Unknown, the Unknown Spouse of Georgia Noble (if any) as party-defendants

in a state court mortgage foreclosure action initiated by Wells Fargo Bank, N.A. ("Wells Fargo")

in the Hamilton County, Ohio Court of Common Pleas. (Doc. 4). It appears from the state

court record[1] that the record title to the property at issue was vested in "Teresa Hatton and

Georgia Noble both unmarried for their joint lives remainder to the survivor of them. . . ." (*See*

Preliminary Judicial Report, filed 8/27/2019; *see* n. 1). The state court subsequently granted

default judgment for Wells Fargo against Georgia Noble, dismissed defendant "John Doe Name

Unknown," and granted a decree in foreclosure. The property was then sold on January 18,

2022. On December 5, 2022, Ms. Hatton filed her petition for removal in this federal court.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil

action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in

federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper

and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v.*

*State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of*

*Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly

construed and where jurisdiction is in doubt, the matter should be remanded to the state court.

*See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

---

[1] Viewed at https://
https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=A+1904026&court%5BCCV%5D=o
n&court%5BCCR%5D=on&court%5BMCV%5D=on&court%5BMCR%5D=on&court%5BCDR%5D=on&court%
5BCOA%5D=on&submit.x=21&submit.y=20. This Court may take judicial notice of court records that are
available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v.*
*Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

As an initial matter, Nikole Hatton is not a named defendant in the state court action and does not have the right to remove that action to federal court.   Under the plain language of the removal statute, only "[a] defendant" can file a notice of removal, 28 U.S.C. § 1446(a), and "all defendants . . . must join in or consent to" it, 28 U.S.C. § 1446(b)(2)(A).   Neither has occurred in this case.   In addition, "[a] non-party—even one that . . . claims to be a real party in interest— has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'"   *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, No. CIV 14-1100, 2015 WL 3544288, at *23 (D.N.M. May 20, 2015), *on reconsideration in part sub nom. New Mexico v. Valley Meat Co., LLC*, 2015 WL 9703255 (D.N.M. Dec. 14, 2015) (quoting *Am. Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999)).   *See also Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) ("The text of § 1441(a) specifically limits the ability to remove to the 'defendant or the defendants,' and contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court.   28 U.S.C. § 1441(a).").   As this Court has previously determined, "It is axiomatic that a nonparty has no right to remove the litigation from state court to federal court."   *Cmty. Ins. Co. v. Rowe*, 85 F. Supp. 2d 800, 809 (S.D. Ohio 1999).   Therefore, the purported removal of this action by Ms. Hatton is improper.

Even if Ms. Hatton had standing to remove the state court action, this federal court would not have federal question jurisdiction over the action.   District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   In determining whether an action has been properly removed to

federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Ms. Hatton has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint alleges claims of breach of note, foreclosure, and reformation, which are all state law claims. It does not show this case arises under the Constitution or laws of the United States. To the extent Ms. Hatton may be alleging that Wells Fargo violated her rights under the United States Constitution in connection with the state court foreclosure proceeding, she would be asserting a federal defense to the state court foreclosure action, and the existence of a defense based upon federal law is insufficient to support removal

jurisdiction.  *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15.  Therefore, Ms. Hatton has failed to meet her burden of showing federal question jurisdiction in this matter.

In addition, Ms. Hatton may not remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state.  The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal.  *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989).  Because Ms. Hatton is an Ohio citizen, removal on the basis of diversity jurisdiction is barred under § 1441(b).

Accordingly, the Court lacks subject matter jurisdiction over this case.

## IT IS THEREFORE RECOMMENDED:

1.  Ms. Hatton's petition for removal of a state court action to this federal court should be **DENIED.**

2.  This matter should be **DISMISSED** from the docket of the Court.

3.  This matter should be **REMANDED** to the state court.  *See* 28 U.S.C. § 1447(c).

4.  The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Ms. Hatton leave to appeal *in forma pauperis*.  Ms. Hatton should be advised that she remains free to apply to

5

proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/9/2022

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WELLS FARGO BANK, N.A.,                          Case No. 1:22-cv-714
      Plaintiff,                              McFarland, J.
                                                 Litkovitz, M.J.
    vs.

GEORGIA NOBLE, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7

8